FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>OSCAR TREVINO,<br><br>                Defendant. | No. 1:19-CR-02058-SAB-2<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE** |

    Pending before the Court is Defendant's Motion for Compassionate Release, ECF No. 393. The motion was heard without oral argument. Defendant is represented by Joel Baumann. The United States is represented by Ian Garriques.

### Background Facts

    On March 18, 2022, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement Defendant plead guilty to Count 1 of the Indictment filed on November 19, 2019, charging him with Carjacking. The plea agreement contained the following provision:

> Pursuant to Fed. R. Crim P. 11(c)(1)(C), Defendant and the United States agree that Defendant be sentenced to a term of imprisonment eighty-four (84) months, to be run concurrently with a twenty-two

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~ 1**

(22) months sentence previously entered in *State v. Washington v. Oscar Trevino*, Case No. 19-1-01451-39.

ECF No. 354.

On August 23, 2022, Judge Mendoza sentenced Defendant to 84 months. The judgment contained the following language:

> *Term of imprisonment shall run concurrent with Yakima County Superior Court cause number 19-1-01451-39. Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

ECF No. 373.

Defendant is currently housed at Sheridan, FCI. His projected release date is April 23, 2027. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited June 3, 2025).

Based on Defendant's projected release date, he would serve approximately 72 months – from May 7, 2021 to April 23, 2027, while the parties intended that Plaintiff serve no more than 62 months in federal custody (84 months – 22 months).

On December 28, 2022, the Court received a letter written by Defendant indicating it was his belief that at the time of his August 23, 2022 sentencing, the parties intended that he be given a 22-month reduction of his 84-month sentence for the time he spent in state custody. ECF No. 377. Specifically, he asked for credit for time he spent in state custody from August 8, 2019 to May 2, 2021. He stated he believed he received ineffective assistance of counsel because at the time of his sentencing, his state case had already been discharged, which precludes the Bureau of Prisons from crediting him the 22 months that he served prior to the imposition of his federal sentence.

On January 5, 2024, the Court appointed Michael Lynch, who was Defendant's counsel at the sentencing hearing, to represent Defendant in determining whether he is entitled to his requested relief. Nothing further was filed

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~2**

in the case, until the Court ordered Mr. Lynch to file a status certificate and in response, he filed a Motion to Withdraw as Counsel for Defendant due to the United States' opposition to Defendant's request to correct the sentence and belief that the proper vehicle for addressing Defendant's concerns would be a writ of habeas corpus under 28 U.S.C. § 2241. The Court denied Mr. Lynch's motion to withdraw. ECF No. 383. Again, nothing further was filed in this case. On August 21, 2024, the Court issued an Order to Show Cause directed at Mr. Lynch to file a status certificate. ECF No. 387. Nothing was filed. On September 25, 2024, the Court appointed the Federal Defenders of Eastern District of Washington.

On May 12, 2025, Defendant filed his Motion to Reduce Sentence. The United States asked for an extension to file its response, which the Court denied. ECF No. 396.

## Motion Standard

Generally, a federal court may not modify a term of imprisonment once it has been imposed. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)) (quotation omitted). Congress provided an exception to this rule, sometimes known as compassionate release, that permits courts to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

The court must consider compassionate release motions on an individualized basis, keeping in mind that the defendant must meet the following substantive considerations: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that a reduction is consistent with applicable policy statements issued by the Sentencing commission; and (3) that in considering and weighing the 18 U.S.C. § 3553(a) factors, the requested sentence reduction is warranted under the particular circumstances of the case. *United States v. Wright,* 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original, quotations omitted). A district court may

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~3**

deny the motion for compassionate release if a defendant fails to satisfy any of these considerations. *Id*.

Congress did not provide a statutory definition of "extraordinary and compelling reasons." *Aruda*, 993 F.3d at 799. Rather, Congress indicated the Sentencing Commission should describe what is considered extraordinary and compelling reasons for sentence reduction. *Id.* (citation omitted). In 2023, the Commission amended U.S.S.G. § 1B1.13(b) and clarified that six types of circumstances may qualify as "extraordinary and compelling." These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *Keller*, 2 F.4th at 1284.

## Analysis

In the normal course of events, a defendant who asserts that his counsel provided ineffective assistance at sentencing would be required to present a § 2255 motion. But what happens when counsel for the United States[1] and Defendant's counsel mislead the Court regarding the ability of the federal sentence to run concurrently to an underlying state sentence? In such a case, the short answer is that extraordinary and compelling circumstances exist to justify and compel a reduction of the current sentence.

As set forth above, Defendant has been diligent in attempting to effectuate the parties' and the Court's intent. But he has been thwarted by the United States at

---

[1] The parties entered into an Fed. R. Crim P. 11(c)(1)(C) plea agreement, effectively tying the hands of the sentencing court, which, in turn, made its reliance on the parties' representations even greater.

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~4**

every turn, even when it is clear the parties intended that he serve only an additional 62 months in federal custody.

The Court finds that Defendant has met the requirements of § 3582(c). First, Defendant has exhausted his administrative remedies pursuant to § 3582(c)(1)(A)(i). Second, Defendant has shown that extraordinary and compelling reasons exist to warrant a sentence reduction. Defendant's sentence is 22-months longer than all parties, including the United States, intended at the time of his plea and sentencing. Third, a sentence reduction is consistent with the applicable U.S.S.G. § 1B1.13. Spending an additional two years in federal prison is similar in gravity to the specific reasons set forth in subsections (1) – (4) and thus is extraordinary and compelling. Finally, the relevant § 3553(a) factors weigh in favor of granting Defendant's motion. Just as in August 2022, the § 3553(a) factors support a sentence that would result in Defendant serving an additional 62 months in federal custody.

The United States takes the extraordinary position that the § 3553 factors do not support a sentence reduction. It argues that Defendant has failed to show that the nature and circumstances of the offense, his history and characteristics and the need for the sentence to reflect the seriousness of the offense and to protect the public have changed since his initial sentencing. The Court agrees; they have not changed. What has changed is the United States' position. In 2022, it relied on these same factors to argue a sentence of an additional 62 months in federal custody (measured from the date of sentencing) was sufficient but not greater than necessary, but apparently now in 2025, it is not. The United States' argument is untenable.

Moreover, the question is not whether anything changed in Defendant's circumstances, but whether in considering and weighing the 18 U.S.C. § 3553(a) factors, the requested sentence reduction is warranted under the particular circumstances of the case. Here, the totality of the circumstances, as well as the

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~5**

interest of justice, mandate a reduction in Defendant's sentence to a term of 62 months.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Compassionate Release, ECF No. 393, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 3rd day of June 2025.

_____
Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE ~6**